13-4678-ag
*Gonzalez-Martinez v. Lynch*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of August, two thousand fifteen.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges.*

---

HECTOR GONZALEZ-MARTINEZ, AKA
HECTOR GONZALEZ-MARCLINO,

    *Petitioner,*

        v.

    No. 13-4678-ag

LORETTA E. LYNCH, United States Attorney General,

    *Respondent.*

---

**FOR PETITIONER:** JOSE PEREZ, Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:** CARMEL A. MORGAN (Jennifer P. Levings *on the brief*), Office of Immigration Litigation, *for* Stuart F. Delery, Assistant Attorney General, U.S. Department of Justice, Civil Division, Washington, D.C.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals decision is **DENIED**.

Petitioner Hector Gonzalez-Martinez, a native and citizen of Mexico, seeks review of a November 14, 2013 decision of the Board of Immigration Appeals ("BIA") affirming a February 26, 2013 decision of an immigration judge ("IJ") denying his motions and ordering him removed. *In re Hector Gonzalez-Martinez*, No. A078 336 748 (B.I.A. Nov. 14, 2013), *aff'g* No. 078 336 748 (Immig. Ct. Buffalo Feb. 26, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review the agency's factual findings for substantial evidence and questions of law *de novo*." *Cotzojay v. Holder*, 725 F.3d 172, 177 n.5 (2d Cir. 2013) (citations omitted).

## I.     Suppression

Gonzalez-Martinez argues that the agency erred in refusing to accept his motion to suppress the information contained in the form I-213 record of an inadmissible alien submitted by the Government. He contends that all evidence of his alienage should be suppressed because the information contained in the I-213 was obtained through the allegedly egregious violations of his Fourth Amendment rights, described below. This argument fails for the simple reason that, irrespective of the admissibility of the I-213 form, Gonzalez-Martinez independently and voluntarily admitted, through counsel, that he was not a U.S. citizen.

Evidence obtained as a result of a Fourth Amendment violation is suppressible in the course of a civil deportation proceeding only if the violation is egregious or undermines the reliability of the evidence in dispute. *See Almeida-Amaral v. Gonzales*, 461 F.3d 231, 235 (2d Cir. 2006); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984). An individual in removal proceedings "raising a question about the admissibility of evidence must come forward with proof establishing a prima facie case before the Government will be called on to assume the burden of justifying the manner in which it obtained the evidence." *Cotzojay*, 725 F.3d at 178 (internal quotation marks and alteration omitted). If he "offers an affidavit that could support a basis for excluding the evidence," he must be given an opportunity to present testimony to establish his prima facie case that there was an egregious violation. *Id.* (internal quotation marks omitted). In his supporting affidavit, Gonzalez-Martinez alleged that his rights were violated in March 2012, when a state trooper, later joined by an armed border patrol agent, came to his home without cause, asked him questions about his alienage, and refused to leave the premises or permit Gonzalez-Martinez to leave. Subsequently, according to his affidavit, Gonzalez-Martinez was handcuffed, arrested, detained, and questioned, and he was not

read his rights or shown a warrant. Gonzalez-Martinez argues that his affidavit establishes a prima facie case for suppression and that he should have been granted a hearing on the matter.

Notably, the IJ made no findings of fact regarding Gonzalez-Martinez's allegations, but rather, denied petitioner the opportunity to file his motion to suppress. However, even assuming, purely for the sake of argument, that the information in the I-213 was obtained through an egregious constitutional violation, Gonzalez-Martinez's alienage was established through means independent of the evidence he wished to suppress. *See Vanegas-Ramirez v. Holder*, 768 F.3d 226, 236 (2d Cir. 2014) (an alien's "concessions are not fruit of the illegality, but of an intervening act of free will, *i.e.*, an alien's own choice to concede his removability" (internal quotation marks omitted)); *Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013) (evidence of alienage will be admitted if it was obtained through means independent of or sufficiently attenuated from the primary illegality). At a hearing in September 2012, with the aid of counsel, Gonzalez-Martinez admitted that he was not a citizen or national of the United States and was a native and citizen of Mexico. Gonzalez-Martinez voluntarily conceded alienage six months after the date of the alleged violations, with the assistance of counsel who had at that point represented Gonzalez-Martinez for at least five months. As a result, the alienage concession was sufficiently independent of any violation that may have previously occurred.[1] *See Pretzantzin*, 736 F.3d at 647 ("an unlawful arrest has no bearing on the validity of a subsequent proceeding"); *Katris v. INS*, 562 F.2d 866, 869 (2d Cir. 1977) (an illegal arrest does not invalidate the subsequent deportation proceedings during which an alien concedes deportability).

Though Gonzalez-Martinez did not also affirmatively concede removability, the burden falls on the alien to prove his time, place, and manner of entry into the United States, and a failure of proof leads to the presumption of removability. 8 U.S.C. § 1361. Gonzalez-Martinez failed to carry this burden.

As the BIA determined, Gonzalez-Martinez thus cannot show that he was prejudiced in any way by the IJ's refusal to accept his motion to suppress or by the admission of the I-213 into evidence, because there existed independently obtained evidence in the record sufficient to prove his removability. *See Lopez-Mendoza*, 468 U.S. at 1043 ("[I]n many deportation proceedings the sole matters necessary for the Government to establish are the respondent's identity and alienage—at which point the burden shifts to the respondent to prove the time, place and manner of entry. . . . [Proof of alienage] will sometimes be possible using evidence gathered independently of, or

_____

[1] If, instead of admitting alienage, Gonzalez-Martinez had refused to answer to the charges against him and at that point sufficiently alleged that his placement in removal proceedings was the result of information obtained through an egregious violation of his constitutional rights, only then would the IJ have been required to determine whether Gonzalez-Martinez established a prima facie case for suppression. *See Cotzojay*, 725 F.3d at 178; *Pretzantzin*, 736 F.3d at 650 n.10 (when pleading to allegations in a Notice to Appear, "silence alone does not provide sufficient evidence . . . to establish a prima facie case of alienage." (quoting *Matter of Guevara*, 20 I&N Dec. 238, 241 (B.I.A. 1990))).

sufficiently attenuated from, the original arrest." (internal quotation marks and citations omitted)); *Pretzantzin*, 736 F.3d at 650-51 & n.10.

Accordingly, the IJ did not err by refusing to accept the motion to suppress when Gonzalez-Martinez attempted to file it at his merits hearing five months later, both because it was filed out of time, *see* Immigration Court Practice Manual, Chapter 3.1(b)(ii)(A) (filings must be submitted at least 15 days in advance of the hearing), and because granting the motion to suppress would not have changed the outcome of the proceedings. Gonzalez-Martinez had already conceded alienage independently of the confessions reflected in the I-213 and made no showing that his presence in this country is lawful.

## II. Continuance

Gonzalez-Martinez also argues that the agency erred in denying his motion to continue. Immigration judges have the authority to grant continuances "for good cause shown," 8 C.F.R. § 1003.29, and "are accorded wide latitude in calendar management." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). As a result, we review the denial of a continuance for abuse of discretion. *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006). While Gonzalez-Martinez argues here that he moved for a continuance to "allow [his] counsel to prepare his case, obtain the FOIA evidence that had been requested and file for cancellation of removal," *see* Petitioner's Br. at 31, a review of the record does not support that version of events. The relevant motion for continuance in the record stated that Gonzalez-Martinez was only seeking voluntary departure and requested that proceedings be adjourned so that the case could be set on the voluntary departure calendar. The IJ reasonably determined that the application for voluntary departure could be adjudicated at the scheduled hearing, as Gonzalez-Martinez had been previously advised. Gonzalez-Martinez did not show good cause for adjournment of proceedings. *See* 8 C.F.R. § 1003.29. It was no abuse of discretion to deny the motion for continuance.

## III. Voluntary Departure

Finally, Gonzalez-Martinez argues that the agency erred in denying voluntary departure. During proceedings, the IJ asked Gonzalez-Martinez if he wished to apply for pre-conclusion or post-conclusion voluntary departure, and Gonzalez-Martinez replied that he wished to apply for pre-conclusion voluntary departure. As the IJ noted, to apply for pre-conclusion voluntary departure, the regulations require an alien to waive his right to appeal. 8 C.F.R. § 1240.26(b)(1)(i)(D). Gonzalez-Martinez then declined to waive his right to appeal and as a result was not eligible for pre-conclusion voluntary departure. He did not apply, or indicate that he wished to apply, for post-conclusion voluntary departure, which would not require him to waive his right to appeal. *See* 8 C.F.R. § 1240.26(c). Therefore, the agency did not err in denying voluntary departure.

### IV.    Conclusion

For the foregoing reasons, the petition for review is **DENIED**.  The Government's motion to strike the affirmation that Gonzalez-Martinez included with his brief is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk